UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE ALBERTO MARTE ESPINOSA, *individually and on behalf of all others similarly situated*,

Plaintiffs,

-against-

GOALS SERVICE STATION, INC., GEORGE RAMOS, and JUANA SCANLON,

Defendants.

Case No. 1:25-cv-08425 (JLR)

**ORDER APPROVING SETTLEMENT**

---

JENNIFER L. ROCHON, United States District Judge:

Plaintiff brought this action on October 10, 2025, asserting claims against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, among other state law claims. *See* Dkt. 1. On November 18, 2025, this matter was referred to the Southern District of New York's mediation program pursuant to Local Civil Rule 83.9, *see* Dkt. 15, and on March 11, 2026, the Court was informed that mediation was held and agreement was reached on all issues, *see* Dkt. 17. On April 1, 2026, the parties filed an application for approval of their proposed settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), with reference to the factors identified in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). *See* Dkt. 19. On April 15, 2026, the Court held a hearing regarding the application. *See* Dkt. 20.

The Court has reviewed the parties' application and proposed settlement agreement and, for the reasons stated on the record at the hearing, finds that the settlement is fair and reasonable. The Court also finds that the requested attorneys' fees and costs are reasonable. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (explaining that *Cheeks* review "extends to the reasonableness of attorneys' fees and costs"). Plaintiff and his counsel "agreed in advance that [counsel] would be entitled to one-third of the settlement as attorney's

fees," no class has been certified, the proposed settlement would not create a common fund, and there is no indication that the contingency fee arrangement was the result of "overreaching or of any deceptive conduct." *Puerto v. Happy Life Home Health Agency Inc.*, 704 F. Supp. 3d 403, 406-07 (S.D.N.Y. 2023); *accord Paulino v. S & P Mini Mkt. Corp.*, 790 F. Supp. 3d. 319, 332-33 (S.D.N.Y. 2025).

Pursuant to the terms of the proposed settlement agreement, "Plaintiff shall file a stipulation of dismissal with prejudice as to all claims brought in this action within seven (7) business days of Plaintiff's counsel's receipt of the first installment due" under the agreement, *see* Dkt. 19-1 at 3, that is, no later than **May 12, 2026**.  Because the parties have requested that the Court retain jurisdiction over this matter for purposes of enforcing the settlement agreement, any proposed stipulation and order of dismissal shall "contain[] language consistent with that which *Kokkonen* held necessary to confer ancillary jurisdiction over enforcement." *Thurston v. Flyfit Holdings, LLC*, No. 18-cv-09044 (PAE) (SN), 2020 WL 2904065, at *3 (S.D.N.Y. June 3, 2020) (collecting cases).  *See generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:  April 15, 2026
        New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge

2